IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donté DeAndre Rollerson,<br><br>              Plaintiff,<br><br>v.<br><br>Well Path, LLC, Vital Core Health Strategies, LLC, and HSA Jason Loy,<br><br>              Defendants. | C/A No.: 1:24-206-RMG-SVH<br><br><br><br>ORDER AND NOTICE |

Donté DeAndre Rollerson ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.).

I.    Factual and Procedural Background

Plaintiff is a pretrial detainee incarcerated at Al Cannon Detention Center ("ACDC") in North Charleston, South Carolina. [ECF No. 1 at 2, 4, 6]. He states Jason Loy ("HSA Loy"), previously served as health service administrator ("HSA") for Well Path, LLC ("Well Path") and currently serves as HSA for Vital Core Health Strategies, LLC ("Vital Core"). *Id.* at 2–3. He asserts that Well Path served as the medical services contractor when he

entered ACDC on May 19, 2023, but Vital Core served as the contractor after July 1, 2023. *Id.* at 6, 8.

Plaintiff states he was released from Medical University of South Carolina ("MUSC") Hospital on May 2, 2023, after sustaining bilateral closed ankle fractures due to jumping from the third floor of his apartment building and undergoing left ankle surgery. *Id.* at 6. He claims that upon discharge, he received a wheelchair, a toilet bench, and prescription medications. *Id.* He asserts he faced outstanding charges related to an incident leading up to his injury and turned himself in at ACDC on May 19, 2023. *Id.* He indicates that upon turning himself in, he was advised by ACDC staff that he was only permitted to bring in his wheelchair and could not bring in his medications or his toilet bench, but that the medical department could supply those items. *Id.* at 6–7. He alleges he has been notifying ACDC medical staff and filing grievances since May 19, 2023, regarding his lack of proper medical treatment and access to the medications he was prescribed upon discharge from MUSC.[1] *Id.* at 7.

---

[1] Plaintiff admits medications were administered to him beginning on or before May 20, 2023, but claims they were not the same medications he was prescribed upon discharge from MUSC. [ECF No. 1 at 12]. He further alleges he was denied several doses of medication and his medications were not always administered on time. *Id.* at 13–15.

2

Plaintiff claims that on June 2, 2023, he sustained an injury when he slipped and fell as he was attempting to transfer from his wheelchair to a toilet in the medical infirmary. *Id.* He states nurses and security staff picked him up from the floor, placed him in his bed, and treated his complaints of back pain and leg numbness with the same pain and nerve medication he had already been receiving and occasional manipulation of his feet to check for feeling. *Id.* He submits he would not have been injured if he had access to the toilet bench he received upon hospital discharge or if another one had been supplied to him. *Id.* He admits he received a toilet bench two to three weeks after his June 2, 2023 injury. *Id.* He states the "health care deficiency and non-treatment" following his fall was "monstrous and reckless." *Id.* at 10.

Plaintiff alleges he was scheduled for a follow up visit with his doctor to have the casts removed from his legs on July 14, 2023, but his casts were not actually removed until October 5, 2023, due to the negligence of medical and security operations. *Id.* at 8. He claims he underwent x-rays and was told by "the so-called professionals" that his fractures had healed well, but was not "able to see [his x-rays] to know if [he] was actually healing properly" and continued to feel as if something was "out of place" in his right foot. *Id.* He states he was "forced to walk around with a walker" beginning October 5, 2023, and "take pain medication and muscle relaxers" prior to presenting to MUSC's physical therapy department for an evaluation on December 19, 2023. *Id.* at 9.

Plaintiff alleges HSA Loy "used the seven day sick call policy as a vehicle to execute their tortious conduct toward [him]." *Id.* He further claims "[i]n delivering tortious treatment in the form of non-treatment, he deliberately allowed me to suffer by denying medical aid when it was medically necessary." *Id.* He asserts HSA Loy endangered his health by "ignoring [his] countless sick calls and grievances related to the countless days of [his] scheduled medication not being dispensed and administered to [him] as prescribed by the provider." *Id.* at 9–10.

Plaintiff alleges he filed grievances, but his attempts to appeal the decisions were hindered by HSA Loy. *Id.* at 19. He claims his injuries include emotional distress, severe back pain, delayed healing of his ankle fractures, and extreme nerve damage that radiates from his lower back to his legs. *Id.* at 17. He requests three million dollars in actual damages and three million dollars in punitive damages. *Id.*

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may

be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it

5

clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.    Analysis

Plaintiff alleges HSA Loy violated his rights under the Eighth and Fourteenth Amendments by inflicting cruel and unusual punishment and demonstrating deliberate indifference to his serious medical needs.[2] *Id.* at 4,

---

[2] It is not entirely clear from the complaint and supporting documents who Plaintiff is attempting to sue. He included "Well Path LLC" and "Vital Core Health Strategies LLC" in the case caption. [ECF No. 1 at 1]. However, he identified "HSA Jason Loy" as both "Defendant No. 1" and "Defendant No. 2," distinguishing his employer as "Well Path LLC" under "Defendant No. 1" and "Vital Core Health Strategies LLC" under "Defendant No. 2." *Id.* at 2–3. Plaintiff provided two proposed summons forms. [ECF No. 3]. He included "Vital Core Health Strategies LLC" as "Defendant" on the first summons and "Well Path LLC" as "Defendant" on the second summons, but did not provide a summons for HSA Loy. *Id.* He completed two Forms USM-285. [ECF No. 3-1]. On the first form, Plaintiff listed "Vital Core Health Strategies" as "Defendant" and "HSA Jason Loy" under "Name of Individual, Company, or Corporation, etc. To Serve . . . ." *Id.* at 1. On the second form, he named "Well Path LLC" as "Defendant" and listed "HSA Jason Loy Well Path LLC" under "Name of Individual, Company, or Corporation, etc. To Serve . . . ." *Id.* at 2. For the purpose of this order and in the absence of additional information, the undersigned assumes Plaintiff is attempting to sue Well Path, Vital Core, and HSA Loy.

6

10. To state a plausible claim for relief under 42 U.S.C. § 1983,[3] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

Because Plaintiff was a pretrial detainee at the time of the events alleged in his complaint, the court evaluates the claim under the due process clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535, 537 n.16 (1979); *see also Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Nevertheless, "pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." *Young v. City of Mount Rainier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243–44 (1983)). Therefore, the court applies essentially the same

---

[3] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

7

standards in cases brought by pretrial detainees under the Fourteenth Amendment as it does in Eighth Amendment cases.

The government has an obligation to provide medical care to prisoners. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' *Gregg v. Georgia, supra*, at 173, 96 S. Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment." *Id.* at 104. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983," but not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.*

Although Plaintiff mentions "non-treatment," the specific allegations in his complaint reflect that he was receiving regular medical treatment and medications over the relevant period. To the extent Plaintiff argues medical staff did not follow his preferred course of treatment and administered medications other than those prescribed when he was discharged from MUSC, such action does not rise to the level of a constitutional violation. *See Brown v. Thompson*, 868 F. Supp. 326, 331 (S.D. Ga. 1994) (finding that although the

8

provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary); *Thomas v. Anderson City Jail*, C/A No. 6:10-3270-RMG-KFM, 2011 WL 442053, at *3 (D.S.C. Jan. 19, 2011) (finding the Constitution requires prisoners be provided with a certain minimum level of medical treatment, but it does not guarantee to a prisoner the treatment of his choice).

Plaintiff's allegations generally pertain to the actions of HSA Loy, nurses, and medical and security staff. *See* ECF No. 1 at 7, 8, 13, 14, 15. Thus, he appears to allege "Well Path" and "Vital Core" are liable under § 1983 based on the actions of their employees. Although a private entity that contracts with the state to provide medical services acts "under color of state law," *West v. Atkins*, 487 U.S. 42, 55 (1998), supervisory liability is generally inapplicable in § 1983 cases, such that an employer or supervisor is not liable for its employees' actions, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court has explained that "[b]ecause vicarious liability is inapplicable in . . . 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable

9

for the acts of their subordinates if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization).

Although Plaintiff alleges Vital Core replaced Well Path "because of numerous complaints and high volumes of medical malpractice and negligence" [ECF No. 1 at 6], he does not allege an official policy or custom of Well Path or Vital Core caused his alleged deprivation of federal rights. In the absence of such an allegation, Plaintiff's § 1983 claims against Well Path and Vital Core are subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **February 14, 2024**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the

district court that the claims specified above be dismissed without leave for further amendment.

    IT IS SO ORDERED.

January 24, 2024                                                   Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

11