IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Donté DeAndre Rollerson,   )  | Case No. 1:24-cv-206-JDA |
| Plaintiff,   )  | **OPINION AND ORDER** |
| v.   )  | |
| Well Path, LLC; Vital Core Health Strategies, LLC; HSA Jason Loy,   )  | |
| Defendants.   )  | |

This matter is before the Court on a Complaint filed by Plaintiff Donté DeAndre Rollerson ("Plaintiff") [Doc. 1] and a Report and Recommendation ("Report") of the Magistrate Judge [Doc. 14]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

On February 26, 2024, the Magistrate Judge issued a Report recommending that the case be dismissed without further leave for amendment. [Doc. 14.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (internal quotation marks omitted)).

On January 24, 2024, the Magistrate Judge entered an Order finding that Plaintiff's claims were deficient as pled.  [Doc. 9.]  Specifically, the Magistrate Judge found that Plaintiff's allegations against HAS Loy did not rise to the level of a constitutional violation because Plaintiff's allegations reflect that he received regular medical treatment and medications over the relevant period.  [Id. at 6–9.]  Plaintiff's claims against Defendants Well Path, LLC ("Well Path") and Vital Core Health Strategies, LLC ("Vital Core") appear to be based on vicarious liability, and the Magistrate Judge found that Plaintiff did not allege that an official policy or custom of Well Path or Vital Core caused his alleged deprivation of federal rights under § 1983.  [Id. at 9–10.]  The Magistrate Judge ordered that Plaintiff was permitted to attempt to correct the defects in his Complaint by filing an amended complaint by February 14, 2024, warning that failure to file an amended complaint or cure the deficiencies identified would result in a recommendation that the district court dismiss Plaintiff's claims without leave for further amendment.  [Id. at 10–11.]  Plaintiff has not filed an amended complaint or any other response.  [Doc. 14 at 4.]

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error.  Having done so, the Court accepts the Report

and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, the action is DISMISSED without further leave to amend.

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

April 1, 2024
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.